IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KAYLEIGH WALDER, ANDREA LARSON, KAITLIN WRIGHT, and EMILY OWENS, On Behalf of Themselves and All Others Similarly Situated, <br><br>*Plaintiffs*, <br><br>v. <br><br>5th & TAYLOR, L.L.C. <br><br>*Defendant*. | COLLECTIVE ACTION <br><br> CASE NO. _____ <br><br> JURY DEMAND |

## COLLECTIVE ACTION COMPLAINT

1. Plaintiffs Kayleigh Walder, Andrea Larson, Kaitlin Wright, and Emily Owens ("Plaintiffs") bring this collective action against 5th & Taylor, L.L.C. ("5th & Taylor"), a Nashville, Tennessee restaurant and bar, to recover unpaid minimum and overtime wages, liquidated damages, attorneys' fees, and costs under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* Plaintiffs assert these FLSA claims as a collective action on behalf of themselves and all similarly situated individuals, pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

2. During the three-year period preceding the filing of this lawsuit, 5th & Taylor has employed hundreds of servers who were paid a tipped hourly rate—*i.e.*, lower than the minimum wage of $7.25 per hour—relying on the "tip credit" provision of the FLSA, 29 U.S.C. § 203(m). Plaintiffs assert that 5th & Taylor improperly paid this lower tipped hourly rate to servers because it did not satisfy the requirements to utilize the "tip credit" provisions of the FLSA for several reasons, including, but not limited to, impermissibly requiring servers to: (1) participate in a tip-pooling arrangement with non-tipped employees who have no customer interaction; (2) spend more than 20% of each shift performing non-tip-producing work tasks at the lower tipped hourly

1

rate; (3) use payroll deductions to pay expenses for uniforms and equipment from these employees' regular paychecks; and (4) work off-the-clock without pay.

## I. JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiffs' claims under the FLSA because they are brought pursuant to 29 U.S.C. § 216(b) and because they raise a federal question pursuant to 28 U.S.C. § 1331.

4. Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391 because 5th & Taylor resides in this judicial district and because the claims arose in this judicial district.

## II. PARTIES

**A.    Plaintiffs**

5. Plaintiff Kayleigh Walder is over the age of nineteen (19) and is a resident of Nashville, Davidson County, Tennessee. Plaintiff Walder was employed by 5th & Taylor as a server from approximately January 2018 to March 2020.

6. Plaintiff Andrea Larson is over the age of nineteen (19) and is a resident of Nashville, Davidson County, Tennessee. Plaintiff Larson was employed by 5th & Taylor as a server from approximately March 2017 to March 2020.

7. Plaintiff Kaitlin Wright is over the age of nineteen (19) and is a resident of Nashville, Davidson County, Tennessee. Plaintiff Wright was employed by 5th & Taylor as a server from approximately November 2016 to March 2020.

8. Plaintiff Emily Owens is over the age of nineteen (19) and is a resident of Nashville, Davidson County, Tennessee. Plaintiff Larson was employed by 5th & Taylor as a server from approximately November or December 2018 to March 2020.

B.  **Defendant**

9. Defendant is a Tennessee limited liability company doing business within this judicial district. Specifically, Defendant own and operate the 5th & Taylor restaurant and bar in Nashville, Tennessee located at 1411 5th Avenue North, Nashville, TN 37208.

10. Defendant 5th & Taylor, L.L.C. is an entity that has employed all servers who have worked at the the 5th & Taylor restaurant and bar in Nashville, Tennessee during the three year period preceding the filing of this lawsuit.

11. Defendant 5th & Taylor, L.L.C. employs individuals who are engaged in interstate commerce and/or in the production of goods for interstate commerce.

12. Defendant 5th & Taylor, L.L.C. has at all relevant times been an employer within the meaning of the FLSA.

## III. FACTS

A.  **Defendant's Use of the "Tip Credit"**

13. Plaintiffs and those they seek to represent in this action were employed by Defendant as servers during the three years preceding the filing of this lawsuit.

14. Defendant paid Plaintiffs and other servers an hourly wage below $7.25. For example, Defendant paid Plaintiffs $2.13 per hour.

15. In seeking to comply with the FLSA mandate that employees receive a minimum wage of $7.25 per hour, Defendant purported to utilize a "tip credit" for each hour worked by Plaintiffs and other servers. *See* 29 U.S.C. § 203(m). For example, the "tip credit" for Plaintiffs was $5.12 for each hour worked.

16. However, because the practices described herein do not meet the statutory requirements of the FLSA's tip credit provision, Defendant impermissibly used the "tip credit" to meet its minimum wage obligations under the FLSA.

3

17. Thus, Plaintiffs and other servers were entitled to receive the full $7.25 per hour statutory minimum wage for every hour worked.

**B.     Defendant's Mandatory Tip-Pooling Arrangement**

18. Plaintiffs and other servers are required to participate in a tip pool, in which their tips were shared with other employees who do not receive tips directly from, or interact with, customers, including but not limited to server assistants, polishers, and bar managers.

19. Defendant's server assistants do not receive tips directly from customers because they do not interact with customers.

20. Instead, server assistants' responsibility is to bus tables, run food, stock the bar, and clean and organize restaurant supplies and food.

21. Defendant's employees who work as polishers do not receive tips directly from customers because they do not interact with customers.

22. Instead, polishers polish wet glasses after they are washed in the dishwasher and polish silverware after it is washed in the dishwasher in the back of the house.

23. Defendant's employees who work as bar managers manage and supervise other service employees.

24. Bar managers are therefore not permitted to receive any portion of the tips earned by tipped employees. *See* 29 U.S.C. § 203(m).

**C.     Required Non-Tip-Producing Work Paid at Lower Tipped Hourly Rate**

25. Defendant required Plaintiffs and other servers to spend more than 20% of their time performing non-tip-producing work tasks while being paid the lower tipped hourly rate.

26. This non-tip producing work included, but was not limited to, moving furniture, adjusting and flipping chair cushions, polishing dishes and silverware, and stocking the bar.

27. This non-tip-producing work was performed for approximately two-and-a-half

4

Case 3:20-cv-00828   Document 1   Filed 09/25/20   Page 4 of 15 PageID #: 4

hours each shift prior to the commencement of servers having customers to serve at tables.

28. This non-tip-producing work was performed for approximately one hour each shift after the end of servers having customers at tables to serve.

29. This non-tip producing work was performed between one and two hours after this pre-shift work was performed and before the post-shift work commenced.

### D. Defendant's Deductions from Hourly Wages to Pay for Equipment

30. Defendant required Plaintiffs and other servers to purchase necessary equipment and uniforms by payroll deduction from their hourly pay.

31. This equipment and uniforms include, but are not limited to, wine keys, specifically required pants and shirt, non-slip shoes, lighters, matching pens, and paper and notebooks for taking customer orders.

32. When such deductions are made, Defendant's servers are paid below $2.13 per hour in pay from Defendant.

### E. Defendant's Required, Unpaid Wine Courses

33. Defendant required Plaintiffs and other servers to attend a weekly, approximately one-hour long wine course to better serve their customers.

34. Defendant did not pay Plaintiffs and other servers for time spent attending this required course.

35. Attending this course sometimes resulted in Plaintiffs and other servers working in excess of 40 hours in a workweek.

### F. Defendant's Failure to Pay Overtime Premiums

36. Plaintiffs and other servers have worked in excess of 40 hours in a workweek at their tipped hourly rate.

37. Defendant utilized the "tip credit" to meet its statutory overtime obligations to

Plaintiffs and other servers, and therefor paid an overtime rate of less than $10.88 per overtime hour (*i.e.*, hours in excess of 40 in a workweek).

38. However, as a result of the above-described practices, Defendant improperly used the "tip credit" to meet its overtime obligations.

39. Thus, whenever Plaintiffs and other servers worked overtime hours—*i.e.*, hours over 40 in a workweek—they were entitled to receive at least $10.88 per overtime hour, the statutory minimum wage for overtime hours.

40. Defendant knew and acted with reckless disregard of the fact that its policies for tipped employees violate the FLSA.

### IV. COLLECTIVE ACTION ALLEGATIONS

41. Plaintiffs assert their FLSA claims pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the following individuals:

> All current and former servers employed by at 5th & Taylor at any time since September 25, 2017.

42. Plaintiffs' claims should proceed as a collective action because Plaintiffs and other similarly situated servers, having worked pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

### V. CAUSES OF ACTION

#### COUNT I
**VIOLATION OF THE MINIMUM WAGE REQUIREMENTS OF THE FLSA**

43. All previous paragraphs are incorporated as though fully set forth herein.

44. Plaintiffs assert this claim on behalf of themselves and all similarly situated individuals who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

45. Plaintiffs and similarly situated servers are employees of Defendant entitled to the

FLSA's protections.

46. Defendant is an employer covered by the FLSA.

47. The FLSA entitles employees to a minimum hourly wage of $7.25 for every hour worked. 29 U.S.C § 206(a).

48. While restaurants may utilize a "tip credit" to satisfy their minimum wage obligations to tipped employees, they forfeit the right to do so when certain requirements are not met. *See* 29 U.S.C. §§ 203(m) and 203(t).

49. Restaurants forfeit the tip credit when they require their tipped employees—such as Defendant's servers—to share tips with other restaurant employees who do not "customarily and regularly receive tips." 29 U.S.C. § 203(m). Federal courts interpreting this statutory language hold that restaurants lose their right to utilize a "tip credit" when tips are shared with employees—such as Defendant's server assistants and polishers—who do not have customer interaction or whose direct customer interaction is minimal.

50. By requiring Plaintiffs and similarly situated servers to share tips with server assistants and polishers, Defendant has forfeited its right to utilize the "tip credit" in satisfying its minimum wage obligations to Plaintiffs and similarly situated servers. As such, Defendant has violated the FLSA's minimum wage mandate by paying Plaintiffs and similarly situated servers an hourly wage below $7.25 for regular hours worked.

51. Similarly, Restaurants forfeit the tip credit when they require their tipped employees—such as Defendant's servers—to share tips with the employer, which includes managers and supervisors. 29 U.S.C. § 203(m).

52. By requiring Plaintiffs and similarly situated servers to share tips with bar managers, Defendant has forfeited its right to utilize the "tip credit" in satisfying its minimum

7

Case 3:20-cv-00828   Document 1   Filed 09/25/20   Page 7 of 15 PageID #: 7

wage obligations to Plaintiffs and similarly situated servers. As such, Defendant has violated the FLSA's minimum wage mandate by paying Plaintiffs and similarly situated servers an hourly wage below $7.25 for regular hours worked.

53. Restaurants may only take the tip credit for employees in an occupation in which the employee qualifies as a "tipped employee." 29 U.S.C. § 203(m). Federal courts interpreting this statutory language also hold that restaurants lose their right to utilize a "tip credit" when their tipped employees—such as Defendant's servers—spend more than 20% of their shift performing non-tip-producing work. Similarly, restaurants may not utilize the tip credit when their tipped employees—such as Defendant's servers—spend large amounts of time performing non-tip-producing work because they are considered to be working in an entirely separate, "dual job" and are not "tipped employees." *See* 29 C.F.R. § 531.56(e).

54. By requiring Plaintiffs and similarly situated servers to spend more than 20% of their shift performing non-tip-producing work and to work "dual jobs" before serving any tables and after all of their service obligations are finished, Defendant has forfeited its right to utilize the "tip credit" in satisfying its minimum wage obligations to Plaintiffs and similarly situated servers. As such, Defendant has violated the FLSA's minimum wage mandate by paying Plaintiffs and similarly situated servers an hourly wage below $7.25 for regular hours worked.

55. Restaurants may not take a tip credit that exceeds $5.12 per hour (*i.e.*, $7.25 per hour minus $2.13 per hour). *See* 29 U.S.C. § 203(m). When a restaurant requires tipped employees—such as Defendant's servers—to pay for equipment and uniforms using their tipped hourly wage, tipped employees receive an hourly wage of less than minimum permissible tipped hourly rate and restaurants take a tip credit exceeding $5.12 per hour in violation of the tip credit provisions of the FLSA.

56. By improperly deducting expenses for equipment and uniforms (including, but not limited to, wine keys, specifically required pants and shirt, non-slip shoes, lighters, matching pens, and paper and notebooks for taking customer orders) from the lower tipped hourly wages it paid to Plaintiffs and similarly situated servers, Defendant has forfeited its right to utilize the "tip credit" in satisfying its minimum wage obligations to Plaintiffs and similarly situated servers. As such, Defendant has violated the FLSA's minimum wage mandate by paying Plaintiffs and similarly situated servers an hourly wage below $7.25 for regular hours worked.

57. Employers are required to pay every employee at least the minimum wage for every hour worked. 29 U.S.C. § 206.

58. By failing to pay Plaintiffs and similarly situated servers any wages for attending the required, weekly, hour-long, unpaid wine course, Defendant has failed to pay Plaintiffs and similarly situated servers the minimum wage in violation of the FLSA.

59. Restaurants may not take a tip credit that exceeds $5.12 per hour (*i.e.*, $7.25 per hour minus $2.13 per hour). *See* 29 U.S.C. § 203(m). Thus, when a restaurant pays a tipped employee—such as Defendant's servers—the statutory minimum tipped hourly rate of $2.13 per hour, but does not pay them at all for some of their time worked—such as the weekly, hour-long, unpaid wine course required by Defendant—then the restaurant has reduced the tipped employee's effective hourly rate below the minimum tipped hourly rate on every hour worked and taken more than the maximum $5.12 per hour tipped credit in violation of the tip credit provisions of the FLSA.

60. By paying Plaintiffs and similarly situated servers an hourly rate of less than $2.13 per hour and taking a tip credit greater than $5.12 per hour due to its failure to pay Plaintiffs and similarly situated servers for time spent attending the required, weekly, hour-long, unpaid wine course, Defendant has forfeited its right to utilize the "tip credit" in satisfying its minimum wage

9

obligations to Plaintiffs and similarly situated servers. As such, Defendant has violated the FLSA's minimum wage mandate by paying Plaintiffs and similarly situated servers an hourly wage below $7.25 for regular hours worked.

61. By requiring its servers to work hours over forty (40) in a workweek without paying them the statutorily required overtime rate, Defendant has forfeited its right to utilize the "tip credit" in satisfying its minimum wage obligations to Plaintiffs and similarly situated servers.

62. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COUNT II
## VIOLATION OF THE OVERTIME REQUIREMENTS OF THE FLSA

63. All previous paragraphs are incorporated as though fully set forth herein.

64. Plaintiffs assert this claim on behalf of themselves and all similarly situated individuals who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

65. Plaintiffs and similarly situated servers are employees entitled to the FLSA's protections.

66. Defendant is an employer covered by the FLSA.

67. The FLSA requires that covered employees receive overtime compensation "not less than one and one-half times" their regular rate of pay for hours over 40 in a workweek. 29 U.S.C. § 207.

68. The statutory minimum wage for overtime hours is $10.88 per hour—*i.e.*, 1.5 times $7.25 per hour. 29 U.S.C. §§ 206, 207

69. Employers may take a tip credit and pay tipped employees a lower tipped hourly rate on overtime hours, so long as employees receive proper notice of the tip credit and receive $10.88 per hour including their tips. *See* 29 U.S.C. § 203(m).

10

Case 3:20-cv-00828   Document 1   Filed 09/25/20   Page 10 of 15 PageID #: 10

70. However, the amount of the tip credit on overtime hours may not exceed $5.12 per hour. *See* 29 U.S.C. § 203(m). Thus, the minimum tipped hourly rate for overtime hours is $5.76 per hour (*i.e.*, $10.88 per hour minus $5.12 per hour).

71. Defendant pays Plaintiffs and similarly situated servers a tipped hourly rate and Defendant relies on the tips Plaintiffs and similarly situated servers receive to meet the overtime requirements pursuant to the tip credit provision of the FLSA.

72. Plaintiffs and similarly situated servers employed by Defendant have worked over 40 hours in a workweek paid at a lower tipped hourly rate.

73. However, employers forfeit the right to rely on the tip credit, including to satisfy the overtime requirements of the FLSA, when certain requirements are not met. *See* 29 U.S.C. §§ 203(m) and 203(t).

74. Restaurants forfeit the tip credit when they require their tipped employees—such as Defendant's servers—to share tips with other restaurant employees who do not "customarily and regularly receive tips." 29 U.S.C. § 203(m). Federal courts interpreting this statutory language hold that restaurants lose their right to utilize a "tip credit" when tips are shared with employees—such as Defendant's server assistants and polishers—who do not have customer interaction or whose direct customer interaction is minimal.

75. By requiring Plaintiffs and similarly situated servers to share tips with server assistants and polishers, Defendant has forfeited its right to utilize the "tip credit" in satisfying its overtime wage obligations to Plaintiffs and similarly situated servers. As such, Defendant has violated the FLSA's overtime wage mandate by paying Plaintiffs and similarly situated servers an hourly wage below $10.88 for overtime hours worked.

76. Similarly, Restaurants forfeit the tip credit when they require their tipped

employees—such as Defendant's servers—to share tips with the employer, which includes managers and supervisors. 29 U.S.C. § 203(m).

77. By requiring Plaintiffs and similarly situated servers to share tips with bar managers, Defendant has forfeited its right to utilize the "tip credit" in satisfying its overtime wage obligations to Plaintiffs and similarly situated servers. As such, Defendant has violated the FLSA's overtime wage mandate by paying Plaintiffs and similarly situated servers an hourly wage below $10.88 for overtime hours worked.

78. Restaurants may only take the tip credit for employees in an occupation in which the employee qualifies as a "tipped employee." 29 U.S.C. § 203(m). Federal courts interpreting this statutory language also hold that restaurants lose their right to utilize a "tip credit" when their tipped employees—such as Defendant's servers—spend more than 20% of their shift performing non-tip-producing work. Similarly, restaurants may not utilize the tip credit when their tipped employees—such as Defendant's servers—spend large amounts of time performing non-tip-producing work because they are considered to be working in an entirely separate, "dual job" and are not "tipped employees." *See* 29 C.F.R. § 531.56(e).

79. By requiring Plaintiffs and similarly situated servers to spend more than 20% of their shift performing non-tip-producing work and to work "dual jobs" before serving any tables and after all of their service obligations are finished, Defendant has forfeited its right to utilize the "tip credit" in satisfying its overtime wage obligations to Plaintiffs and similarly situated servers. As such, Defendant has violated the FLSA's overtime wage mandate by paying Plaintiffs and similarly situated servers an hourly wage below $10.88 for overtime hours worked.

80. Restaurants may not take a tip credit that exceeds $5.12 per hour (*i.e.*, $7.25 per hour minus $2.13 per hour), including on overtime hours. *See* 29 U.S.C. § 203(m). When a

12

restaurant requires tipped employees—such as Defendant's servers—to pay for equipment and uniforms using their tipped hourly wage, tipped employees receive an hourly wage of less than minimum permissible tipped hourly rate on overtime hours and restaurants take a tip credit exceeding $5.12 per hour in violation of the tip credit provisions of the FLSA.

81. By improperly deducting expenses for equipment and uniforms (including, but not limited to, wine keys, specifically required pants and shirt, non-slip shoes, lighters, matching pens, and paper and notebooks for taking customer orders) from the lower tipped hourly wages it paid to Plaintiffs and similarly situated servers, Defendant forfeited its right to utilize the "tip credit" in satisfying its overtime wage obligations to Plaintiffs and similarly situated servers. As such, Defendant has violated the FLSA's overtime wage mandate by paying Plaintiffs and similarly situated servers an hourly wage below $10.88 for overtime hours worked.

82. Employers are required to pay every employee at least the minimum wage for every hour worked, including overtime hours at $10.88 per hour—*i.e.*, one-and-one half times the $7.25 per hour minimum wage. 29 U.S.C. §§ 206, 207.

83. Defendant required Plaintiffs and similarly situated servers to attend a weekly, hour-long wine course without pay that resulted in their working overtime—*i.e.*, hours in excess of 40 hours in a workweek—without pay.

84. By failing to pay Plaintiffs and similarly situated servers any wages for attending the required, weekly, hour-long, unpaid wine course, Defendant has failed to pay Plaintiffs and similarly situated servers the minimum overtime wage of $10.88 per hour in violation of the FLSA.

85. Furthermore, Restaurants may not take a tip credit that exceeds $5.12 per hour (*i.e.*, $7.25 per hour minus $2.13 per hour), including on overtime hours. *See* 29 U.S.C. § 203(m). Thus, when a restaurant pays a tipped employee—such as Defendant's servers—the statutory minimum

tipped hourly rate for overtime hours of $5.76 per hour, but does not pay them at all for some of their time worked—such as the weekly, hour-long, unpaid wine course required by Defendant—then the restaurant has reduced the tipped employee's effective hourly rate below the minimum tipped hourly rate for overtime hours and taken more than the maximum $5.12 per hour tipped credit in violation of the tip credit provisions of the FLSA.

86. By paying Plaintiffs and similarly situated servers an hourly rate of less than $5.76 per hour and taking a tip credit greater than $5.12 per hour due to its failure to pay Plaintiffs and similarly situated servers for time spent attending the required, weekly, hour-long, unpaid wine course, Defendant forfeited its right to utilize the "tip credit" in satisfying its overtime wage obligations to Plaintiffs and similarly situated servers. As such, Defendant has violated the FLSA's overtime wage mandate by paying Plaintiffs and similarly situated servers an hourly wage below $10.88 for overtime hours worked.

87. By requiring its servers to work in excess of 40 hours in a workweek without paying them the statutorily required overtime rate, Defendant forfeited its right to utilize the "tip credit" in satisfying its overtime wage obligations to Plaintiffs and similarly situated servers. As such, Defendant has violated the FLSA's overtime wage mandate by paying Plaintiffs and similarly situated servers an hourly wage below $10.88 for overtime hours worked.

88. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief on behalf of themselves and all others similarly situated:

A. An order permitting this litigation to proceed as a collective action pursuant to

29 U.S.C. § 216(b);

B. Prompt notice of this litigation, pursuant to 29 U.S.C. § 216(b), to all similarly situated employees;

C. A finding that Defendant has violated the FLSA;

D. A finding that Defendant's FLSA violations are willful;

E. A judgment against Defendant and in favor of Plaintiffs and all similarly situated employees for all unpaid and underpaid minimum and overtime wages that Defendant has failed and refused to pay in violation of the FLSA;

F. Prejudgment interest to the fullest extent permitted under the law;

G. Liquidated damages to the fullest extent permitted under the FLSA;

H. Litigation costs, expenses, and Plaintiffs' attorneys' fees to the fullest extent permitted under the FLSA and the Federal Rules of Civil Procedure; and,

I. Such other and further relief as this Court deems just and proper.

## VII. JURY DEMAND

Plaintiffs demand a jury as to all claims so triable.

Date: September 25, 2020

Respectfully submitted,

/s/ David W. Garrison
**DAVID W. GARRISON (No. 24968)**
**JOSHUA A. FRANK (No. 33294)**
BARRETT JOHNSTON MARTIN & GARRISON, LLC
Philips Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: (615) 244-2202
Facsimile: (615) 252-3798
dgarrison@barrettjohnston.com
jfrank@barrettjohnston.com

*Attorneys for Plaintiffs*